UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNIFER BEATTY, | |
| Plaintiff, | |
| v. | Civil Action No. 25-2758 (MJS) |
| PAMELA BONDI, in her official capacity, | |
| Defendant. | |

**MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT THEREOF**

## TABLE OF CONTENTS

Table of Contents ................................................................................................. i

Table of Authorities .......................................................................................... iii

Background ........................................................................................................ 1

Legal Standard .................................................................................................. 4

Argument .......................................................................................................... 5

    I.    Plaintiff Fails to Allege Facts Sufficient to State a Claim for Age Discrimination. 5

        A.    Other Than Termination, the Allegedly Problematic Actions About Which Plaintiff Complains Do Not Constitute "Personnel Actions" That Are Subject to Challenge Under the ADEA. ............................................. 6

        B.    Plaintiff's Complaint Offers No Basis to Conclude That Any Actions Were Taken Against Her on the Basis of Age. ........................................... 7

        C.    The Complaint Does Not Provide Facts about Comparators Sufficient to Survive a Motion to Dismiss. ............................................................... 9

        D.    The Age Difference Between Plaintiff and her Comparators is Not Substantial. .......................................................................................... 11

    II.    Plaintiff Fails to Allege Facts Sufficient to State a Claim for Retaliation. ........... 12

        A.    Many of the Facts Alleged as Retaliatory Do Not Qualify as Materially Adverse Employment Actions. ................................................................ 12

        B.    Plaintiff Has Not Adequately Alleged a Causal Connection Between Any Protected Activity and Any Materially Adverse Employment Action. ..... 15

    III.    Plaintiff Fails to Allege Facts Sufficient to State a Claim for a Hostile Work Environment. ....................................................................................................... 15

        A.    The Conduct Described in the Complaint is Not Severe or Pervasive. .... 17

        B.    Plaintiff Does Not Demonstrate that the Conduct Occurred Because of Her Age. ................................................................................................ 18

        C.    The Acts Described in the Complaint Do Not Amount to a Pattern of Harassment. .......................................................................................... 19

        D.    The Claim Improperly Attempts to Bootstrap All of Plaintiff's Allegations into a Hostile Work Environment Claim. .................................................. 20

Conclusion ................................................................................................................................ 21

# TABLE OF AUTHORITIES

*Abbott v. Greer,*
  Civ. A. No. 22-2717 (BAH), 2025 U.S. Dist. LEXIS 138892 (D.D.C. July 21, 2025) ............. 9-10, 11

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................................................ 4, 5

*Atherton v. D.C. Off. of Mayor,*
  567 F.3d 672 (D.C. Cir. 2009) ............................................................................................ 4

*Babb v. Wilkie,*
  140 S. Ct. 1168 (2020) ....................................................................................................... 6

*Baird v. Gotbaum,*
  662 F.3d 1246 (D.C. Cir. 2011) ..................................................................... 12, 13-14, 17

*Baloch v. Kempthorne,*
  550 F.3d 1191 (D.C. Cir. 2008) ........................................................................... 5, 14, 18

*Baloch v. Norton,*
  517 F. Supp. 2d 345 (D.D.C. 2007) .................................................................................. 20

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ........................................................................................................ 4, 8

*Bonnette v. Shinseki,*
  907 F. Supp. 2d 54 (D.D.C. 2012) .................................................................................... 14

*Brantley v. Kempthorne,*
  Civ. A. No. 06-1137 (ESH), 2008 U.S. Dist. LEXIS 38406 (D.D.C. May 13, 2008) ....................... 16

*Breen v. Mineta,*
  Civ. A. No. 05-654, 2005 U.S. Dist. LEXIS 35416 (D.D.C. Sep. 30, 2005) ........................................ 9

*Bridgeforth v. Jewell,*
  721 F.3d 661 (D.C. Cir. 2013) ........................................................................................... 13

*Brooks v. Grundmann,*
  748 F.3d 1273 (D.C. Cir. 2014) ......................................................................... 16-17, 17-18

*Bryant v. Brownlee,*
  265 F. Supp. 2d 52 (D.D.C. 2003) ..................................................................................... 19

*Burkes v. Holder,*
  953 F. Supp. 2d 167 (D.D.C. 2013) ................................................................................... 17

*Burlington Indus., Inc. v. Ellerth,*
  524 U.S. 742 (1998) ........................................................................................................... 13

*Burlington N. & Santa Fe Ry. Co. v. White,*
  548 U.S. 53 (2006) ............................................................................................................. 12

*Carroll v. Lujan,*
Civ. A. No. 90-2049, 1992 U.S. Dist. LEXIS 1005 (D.D.C. Jan. 31, 1992) .......................... 9

*Carter v. Carson,*
715 F. App'x 16 (D.C. Cir. 2018) ................................................................................. 17

*Douglas v. Preston,*
559 F.3d 549 (D.C. Cir. 2009) ........................................................................................ 6

*Dunaway v. Int'l Bhd. of Teamsters,*
310 F.3d 758 (D.C. Cir. 2002) ...................................................................................... 11

*Faison v. Vance-Cooks,*
896 F. Supp. 2d 37 (D.D.C. 2012) ................................................................................ 20

*Faragher v. City of Boca Raton,*
524 U.S. 775 (1998) ..................................................................................................... 16

*Fowler v. Dist. of Columbia,*
Civ. A. No. 18-0634 (RDM), 2020 U.S. Dist. LEXIS 223113 (D.D.C. Nov. 27, 2020) ................... 15

*Harris v. Forklift Sys.,*
510 U.S. 17 (1993) ............................................................................................. 16, 17, 20

*Harris v. Mayorkas,*
Civ. A. No. 21-1083 (GMH), 2022 U.S. Dist. LEXIS 147683 (D.D.C. Aug. 18, 2022) ................... 8

*Howard v. Kerry,*
85 F. Supp. 3d 428 (D.D.C. 2015) ................................................................................ 14

*Jones v. Dist. of Columbia Off. of Unified Commc'ns,*
Civ. A. No. 25-1129 (RC), 2025 U.S. Dist. LEXIS 208169 (D.D.C. Oct. 22, 2025) ........................ 11

*Koch v. Schapiro,*
699 F. Supp. 2d 3 (D.D.C. 2010) .................................................................................. 14

*Lee v. McDonough,*
Civ. A. No. 22-0319 (RBW), 2024 U.S. Dist. LEXIS 147333 (D.D.C. Aug. 19, 2024) ................... 8

*Lilly v. Dist. of Columbia,*
657 F. Supp. 3d 65 (D.D.C. 2023) ............................................................................. 7, 14

*Mason v. Geithner,*
811 F. Supp. 2d 128 (D.D.C. 2011) .............................................................................. 19

*Massaquoi v. Dist. of Columbia,*
81 F. Supp. 3d 44 (D.D.C. 2015) .................................................................................. 20

*McDaniel v. Vilsack,*
Civ. A. No. 12-723 (EGS), 2016 U.S. Dist. LEXIS 130044 (D.D.C. Sep. 23, 2016) ........................ 11

*Meritor Sav. Bank v. Vinson,*
477 U.S. 57 (1986) ....................................................................................................... 17

*Munro v. LaHood,*
    839 F. Supp. 2d 354 (D.D.C. 2012) ............................................................... 17

*Na'im v. Clinton,*
    626 F. Supp. 2d 63 (D.D.C. 2009) ................................................................. 18

*Nurriddin v. Bolden,*
    674 F. Supp. 2d 64 (D.D.C. 2009) ............................................................. 18, 20

*Oncale v. Sundowner Offshore Servs., Inc.,*
    523 U.S. 75 (1998) ........................................................................................ 12

*Powell v. Dallas Morning News L.P.,*
    776 F. Supp. 2d 240 (N.D. Texas 2011) .......................................................... 9

*Rochon v. Gonzales,*
    438 F.3d 1211 (D.C. Cir. 2006) ..................................................................... 12

*Smith v. Jackson,*
    539 F. Supp. 2d 116 (D.D.C. 2008) ............................................................... 16

*Stanton v. Reukauf,*
    Civ. A. No. 10-633 (RLW), 2012 U.S. Dist. LEXIS 13929 (D.D.C. Feb. 6, 2012) .......... 10

*Stella v. Mineta,*
    284 F.3d 135 (D.C. Cir. 2002) ........................................................................ 8

*Taylor v. Small,*
    350 F.3d 1286 (D.C. Cir. 2003) ..................................................................... 13

*Breen v. Chao*
    253 F. Supp. 3d 244 (D.D.C. 2017) ................................................................. 7

*Townsend v. United States,*
    236 F. Supp. 3d 280 (D.D.C. 2017) ............................................................... 11

*Univ. of Tex. Sw. Med. Ctr. v. Nassar,*
    570 U.S. 338 (2013) ...................................................................................... 15

*Wasserman v. Ahuja,*
    Civ. A. No. 21-0026 (ABJ), 2023 U.S. Dist. LEXIS 5158 (D.D.C. Jan. 11, 2023) ......... 12, 19

*Williams v. Spencer,*
    883 F. Supp. 2d 165 (D.D.C. 2012) ........................................................... 17, 18

*Yee v. Garland,*
    Civ. A. No. 21-1185 (ABJ), 2022 U.S. Dist. LEXIS 101662 (D.D.C. June 7, 2022) ......... 8, 9

**Statutes**

5 U.S.C. § 2302 ...................................................................................... 6, 7

29 U.S.C. § 633a ..................................................................................... 5, 6

42 U.S.C. § 2000e .................................................................................... 5

Defendant, Pamela Bondi, in her official capacity as United States Attorney General, respectfully moves for dismissal of Plaintiff Jennifer Beatty's Complaint in this matter pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff's Complaint suffers from fatal defects. First, Plaintiff's discriminatory disparate treatment claim fails because she has not alleged an adverse employment action (as to any event other than her termination); she has not alleged legally sufficient comparators; and she has not adequately pled that her protected status had anything to do with the conduct she challenges. Second, Plaintiff's retaliation claim fails because she has not alleged adverse employment actions other than steps toward termination, and she has not pled facts sufficient to establish a causal connection between the alleged reporting and the subsequent events. Finally, Plaintiff's hostile work environment claim fails because she has not alleged facts demonstrating that her employer subjected her to discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment or any facts demonstrating that her treatment had anything to do with her protected status. For the reasons stated below, the Court should dismiss Plaintiff's Complaint in its entirety.

## BACKGROUND

Plaintiff worked as an attorney in the Federal Bureau of Investigation's Forensic Science Law Unit, within the Office of the General Counsel, beginning on April 17, 2023. Compl. ¶¶ 22, 38. According to the Complaint, Plaintiff, born in 1974, was 49 years old when she was terminated, and she was the oldest member of the unit. *Id.* Plaintiff's first-line supervisor was Audra Bartels. *Id.* ¶¶ 22-23. Plaintiff alleges that Ms. Bartels discriminated against her because of her age. For example, she alleges that Ms. Bartels did not offer her professional opportunities similar to her younger co-workers. *Id.* ¶ 27. She also alleges that Ms. Bartels assigned other attorneys to be team leads, while she did not assign Plaintiff to be a team lead. *Id.* She further

complains that she was not invited to meetings or provided other contact with specific senior personnel, and she was not assigned to specific working groups. *Id.* ¶ 28. And she states that her younger co-workers received significantly better performance evaluations and received monetary awards that Ms. Beatty did not. *Id.* ¶ 29.

Ms. Beatty catalogues a litany of other tribulations and offensive conduct:

- Ms. Bartels expressed complaints to a client, such as calling Plaintiff "[f***ing] brand new." *Id.* ¶ 30.

- Ms. Bartels used a different tone of voice when speaking to her from the tone of voice she used with Plaintiff's coworkers. *Id.* ¶ 31.

- Ms. Bartels was "unduly harsh" when Plaintiff discussed certain personal issues at work. *Id.* ¶ 32.

- Ms. Bartels told Plaintiff to do "everything like [her younger co-workers]." *Id.* ¶ 33.

- Ms. Bartels and another supervisor criticized her "method of communication" and "alleged lack of flexibility and adaptability." *Id.* ¶ 34.

- Ms. Bartels did not engage in a formal Performance Check-In with Plaintiff at the 90-day mark. *Id.* ¶ 48.

Conspicuously missing from this list of workplace grievances is any allegation that Ms. Bartels expressed animus related to Plaintiff's age.

Plaintiff asserts, without support, that she was treated worse than younger co-workers, identifying the following comparators: Ms. Noreen Ahmed, born in 1977, and Ms. Katerine Stott, born in 1978. *Id.* ¶ 24. Plaintiff does not provide facts about comparators' job status, such as whether they were probationary employees or whether they had the same position description as she did.

Plaintiff further alleges that in a November 2, 2023 meeting, she asserted to Ms. Bartels that she was being treated differently because of her age. *Id.* ¶ 55. And she alleges that on November 3, 2023, Ms. Bartels initiated retaliatory behavior as a result of this allegation. *Id.* ¶ 56. The Complaint alleges that later the same day, Ms. Bartels referred Ms. Beatty to be investigated as a "potential insider threat," meaning someone who "could pose harm to the FBI or employees of the FBI," although she alleges that no investigation of the allegations was ever conducted. *Id.* ¶ 57. Plaintiff also alleges that Ms. Bartels "started a campaign to document Ms. Beatty's conduct." *Id.* ¶¶ 56, 59. She states that on November 3, 2023, Ms. Bartels actively solicited Ms. Beatty's co-workers to provide written statements attacking her, securing certain statements. *Id.* ¶ 60. Plaintiff also complains that her work assignments changed after the meeting, as her workload decreased significantly after the November 2 meeting, *id.* ¶ 61, and her supervisor requested that she relinquish a particular client project. *Id.*

According to the Complaint, Ms. Bartels completed the first draft of a memo recommending Plaintiff's termination in mid-December 2023. *Id.* ¶ 62. On March 14, 2024, the FBI terminated Plaintiff, while she was still a probationary employee. *Id.* Plaintiff states that Ms. Beatty told her she was terminated based on suitability standards—cooperativeness, emotional maturity, and judgment—and that the termination letter cites unsatisfactory performance. *Id.* ¶ 52.

In 2024, Plaintiff filed a formal administrative complaint with the FBI's Office of Equal Employment Opportunities Affairs alleging that her then-supervisor discriminated against her and harassed her because of her age. *Id.* ¶ 7. The Administrative Judge granted Summary Judgment for the FBI on July 11, 2025. *Id.* ¶ 13. The Department of Justice, Complaint Adjudication Office, issued its decision accepting the Administrative Judge's decision on August 13, 2025. *Id.* ¶ 14.

On August 21, 2025, Plaintiff brought this lawsuit in which she challenges her supervisor's actions, claiming that her supervisor discriminated against her on the basis of age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). *See generally* Compl. Specifically, Plaintiff alleges that her supervisor's actions constituted (1) unlawful disparate treatment (Count 1), unlawful retaliation (Count 2), and a discriminatory hostile work environment (Count 3). *See id*. at 24-25 (Counts 1 through 3). Defendant now moves to dismiss all three claims.

## LEGAL STANDARD

Rule 12(b)(6) provides a vehicle for parties to challenge the sufficiency of a complaint on the ground that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When presented with a motion to dismiss for failure to state a claim, the district court must accept as true the well-pleaded factual allegations in the complaint. *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Although "detailed factual allegations" are not necessary to withstand a motion to dismiss, a plaintiff must provide the "grounds" of "entitle[ment] to relief," which requires "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plaintiff must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Id*. When a complaint's well-pleaded facts do not enable a court, "draw[ing] on its judicial experience and common sense,"

"to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.*

## ARGUMENT

All three of Plaintiff's counts fail as a matter of law: (1) Plaintiff has not alleged facts that are sufficient to show age discrimination under the ADEA, (2) she has not stated a claim for illegal retaliation, and (3) she has not alleged facts establishing a hostile work environment, as described further below. This Court should grant this Motion and dismiss Plaintiff's Complaint.

**I.**     <u>**Plaintiff Fails to Allege Facts Sufficient to State a Claim for Age Discrimination.**</u>

Plaintiff claims the FBI violated the ADEA, 29 U.S.C. § 633a, by discriminating against her on the basis of age. Courts traditionally apply the same approach to age-discrimination claims under the ADEA as that applied to gender or race claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. *See Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008) (applying Title VII framework to ADEA claim). Under the ADEA, two elements are required for an employment discrimination claim: (1) the plaintiff suffered an adverse employment action (2) because of the employee's age. *Id.*[1] Here, as described further below, most of Plaintiff's complaints detail actions that are not adverse employment actions under the statute. Additionally, she does not plead facts sufficient to demonstrate that the supervisor's actions took place because of her age. And the barebones facts she pleads about comparators do not suffice to establish enough circumstantial evidence to survive a motion to dismiss.

---

[1]     Defendant does not dispute that Plaintiff is over 40 years old.

**A.    Other Than Termination, the Allegedly Problematic Actions About Which Plaintiff Complains Do Not Constitute "Personnel Actions" That Are Subject to Challenge Under the ADEA.**

The federal sector provisions of the ADEA provide that "[a]ll personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . shall be made free from any discrimination based on age." 29 U.S.C. § 633a(a). Thus, to be actionable under the ADEA in a case involving a federal employer, a plaintiff must be challenging a "personnel action." The Civil Service Reform Act defines "personnel actions" to include an appointment, promotion, disciplinary action, transfer or reassignment, reinstatement, decision concerning pay, benefits, or awards, among others. 5 U.S.C. § 2302(a)(2)(A)(i)–(xii). This definition includes other, unenumerated "change[s] in duties, responsibilities, or working conditions" only if they are "significant." *Id.* The Supreme Court in *Babb v. Wilkie*, 140 S. Ct. 1168, 1173 (2020), agreed that the Civil Service Reform Act's definition of "personnel action" was "consistent with the term's meaning in general usage," and assumed it had the same meaning for purposes of the federal-sector provisions of the ADEA.

It appears that Plaintiff is challenging an extensive series of actions in the workplace, as well as her ultimate termination, as discriminatory. That is, Count I alleges "unlawful age discrimination" and incorporates by reference 60 paragraphs of narrative.[2] The narrative contains complaints ranging from being excluded from meetings (*id.* at ¶ 28), to undesirable assignments (*id.*), to not being provided a formal Performance Check-In at the time directed by office policy (*id.* at ¶ 48), to being terminated (*id.* at ¶ 74).

Defendant does not contest that a removal is an adverse employment action. *See Douglas v. Preston*, 559 F.3d 549, 552-54 (D.C. Cir. 2009). However, to the extent Plaintiff seeks to

---

[2]    Compl. ¶ 76 incorporates ¶¶16-75.

challenge any action other than her termination, the actions described in the Complaint are not "personnel actions" within the meaning of the federal sector provisions of the ADEA. *Breen v. Chao*, 253 F. Supp. 3d 244, 255 (D.D.C. 2017) (while events leading up to a Reduction in Force were relevant to certain issues in the case, only the Reduction in Force itself was an adverse employment action under the ADEA). That is, alleged exclusion from meetings, violations of internal policy regarding Performance Check-Ins, undesirable assignments, utterance of performance-based critiques, or other day-to-day challenges described in the Complaint do not fall within any of the specifically enumerated actions set forth in 5 U.S.C. § 2302(a)(2)(A) nor do they constitute any "significant change in duties, responsibilities, or working conditions." *See id*.

In particular, Plaintiff appears to cite Ms. Bartels' referral of certain of Plaintiff's actions as a potential insider threat as discriminatory. Compl. ¶¶ 57, 76. However, generally, an investigation is not considered adverse unless it results in "materially adverse consequences affecting the terms, conditions, or privileges of: a plaintiff's employment or future employment opportunities." *Lilly v. Dist. of Columbia*, 657 F. Supp. 3d 65, 94 (D.D.C. 2023). Here, no such adverse consequences emerged, as the referral did not even turn into an investigation. Plaintiff was not separated from her work responsibilities as the appropriate FBI unit evaluated the referral, and she was not disciplined following the resolution of the referral. Compl. ¶ 57. Accordingly, Plaintiff cannot sustain any claims of disparate treatment under the ADEA based on actions outside of her termination from employment because they do not qualify as adverse employment actions.

### B. Plaintiff's Complaint Offers No Basis to Conclude That Any Actions Were Taken Against Her on the Basis of Age.

Plaintiff's age discrimination claims also fail because there is no basis upon which to conclude that any action was taken against her on the basis of age. Common to the pleading of all disparate treatment cases is the requirement to plead facts that either directly or indirectly give rise

to an inference of prohibited activity. *See, e.g., Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002) (prima facie claim of disparate treatment requires that the adverse employment action gives rise to an inference of discrimination). A plaintiff can show age discrimination through direct and/or circumstantial evidence.

Here, there is nothing in the Complaint from which one could conclude that any of the actions Plaintiff challenges had a connection with Plaintiff's age. While the Complaint is replete with conclusory allegations that Defendant discriminated against Plaintiff based on her age, it is well-settled that pure legal conclusions such as this are "never enough" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Courts regularly dismiss age discrimination claims that do not contain facts supporting a plausible inference that a plaintiff's supervisors were motivated by age-based animus in their actions. For example, the Court dismissed a discrimination claim where the plaintiff alleged that she was repeatedly mistreated by her supervisors and that similarly situated co-workers outside of the Plaintiff's Age group were not treated in the manner in which Plaintiff was, where Plaintiff did not provide facts supporting an inference of age-specific animus. *Harris v. Mayorkas*, Civ. A. No. 21-1083 (GMH), 2022 U.S. Dist. LEXIS 147683, at *28 (D.D.C. Aug. 18, 2022) (citing *Twombly*, 550 U.S. at 555; *SS & T, LLC v. Am. Univ.*, Civil A. No. 19-0721 (JDB), 2020 U.S. Dist. LEXIS 42107, at *5 (D.D.C. Mar. 11, 2020)); *see also Lee v. McDonough*, Civ. A. No. 22-0319 (RBW), 2024 U.S. Dist. LEXIS 147333, at *32 (D.D.C. Aug. 19, 2024); *Yee v. Garland*, Civ. A. No. 21-1185 (ABJ), 2022 U.S. Dist. 101662, at *23-24 (D.D.C. June 7, 2022) (granting the government's motion to dismiss age discrimination claims where, as here, "plaintiff [had] not pled a single fact that would give rise to a plausible inference that [the adverse employment action] was motivated in any way by her age").

The Complaint calls out "animus" in discussing an allegation that Ms. Bartels used a profanity in communicating with a third party about Plaintiff. Compl. ¶ 30. Yet the phrase "[f***ing] brand new"—while unprofessional—does not relate to Plaintiff's age. Nor do performance assessments stating that an employee lacked flexibility and adaptability relate to Plaintiff's age. *See id.* ¶ 34. Contrary to Plaintiff's assertion that these are "stereotypical 'concerns'" about older workers (*id.),* courts routinely find that deficiencies in these characteristics are not code words for age discrimination. *See Breen v. Mineta*, Civ. A. No. 05-654, 2005 U.S. Dist. LEXIS 35416 (D.D.C. Sep. 30, 2005), at *14-15; *Carroll v. Lujan*, Civ. A. No. 90-2049, 1992 U.S. Dist. LEXIS 1005, at *15 (D.D.C. Jan. 31, 1992); *Powell v. Dallas Morning News L.P.*, 776 F. Supp. 2d 240, 272 (N.D. Texas 2011) ("The fact that RIF decisionmakers considered traits such as 'versatility' and 'flexibility' does not constitute direct evidence of age discrimination"). Nor do any of the other workplace grievances Plaintiff lists in her complaint demonstrate any age-related animus. In sum, Plaintiff has not pled facts that support an inference of age discrimination.

### C.    The Complaint Does Not Provide Facts about Comparators Sufficient to Survive a Motion to Dismiss.

Plaintiff's Complaint provides only the barest of facts about her alleged comparators. Compl. ¶¶ 24-29. She alleges their ages, and she alleges generally that these younger co-workers received significantly better performance evaluations and received monetary awards that Ms. Beatty did not. Compl. ¶ 29.

To be similarly situated, a "plaintiff must . . . demonstrate that 'all of the relevant aspects of her employment situation were nearly identical to those of [her comparators].'" *Abbott v. Greer*, Civ. A. No. 22-2717 (BAH), 2025 U.S. Dist. LEXIS 138892, at *20 (D.D.C. July 21, 2025) (citing *Holbrook v. Reno*, 196 F.3d 255, 261 (D.C. Cir. 1999) (internal quotation marks omitted) (quoting *Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1514 (D.C. Cir. 1995)). "Factors that

bear on whether someone is an appropriate comparator include the similarity of the plaintiff's and the putative comparator's jobs and job duties, whether they were disciplined by the same supervisor, and, in cases involving discipline, the similarity of their offenses." *Burley v. AMTRAK*, 801 F.3d 290, 301 (D.C. Cir. 2015).

Plaintiff does not provide enough facts about the comparators to make any judgments about them. Even granting plaintiff the benefit of all inferences that can be derived from the facts alleged, in that the comparators appear to be attorneys in the same office (*see, e.g.,* Compl. ¶ 27), she fails to provide sufficient facts to show that they were appropriate comparators. Significantly, Plaintiff was a probationary employee during the relevant time period. Compl. ¶ 47; *see* 5 C.F.R. § 315.803-04. An agency must terminate probationary employees during their trial period if the employee "fails to demonstrate his fitness or his qualifications for continued employment." 5 C.F.R. § 315.804; *Stanton v. Reukauf*, Civ. A. No. 10- 633 (RLW), 2012 U.S. Dist. LEXIS 13929, at *5 (D.D.C. Feb. 6, 2012) (noting that managers have maximum discretion to retain or remove probationary employees) (citations omitted). Plaintiff does not allege that any of her so-called comparators were also probationary employees at the time of her termination. She also does not allege that her comparators had the same position description she did, or that they had similar employment backgrounds.

Although Plaintiff alleges that Ms. Stott received a six-month Performance Check-In when she was a probationary employee (Compl. ¶ 48), suggesting that she was a probationary employee during at least part of the relevant time period, she does not allege that the other alleged comparator was a probationary employee at all during the time period. *See generally Compl.* Only if younger employees who demonstrated similar behavior and performance problems were not terminated *within their probationary periods* would Plaintiff be able to show pretext via inconsistent treatment

of those similarly situated individuals. *McDaniel v. Vilsack*, Civ. A. No. 12-723 (EGS), 2016 U.S. Dist. LEXIS 130044, at *21 (D.D.C. Sep. 23, 2016) (emphasis added) (citing *McKenna v. Weinberger*, 729 F.2d 783 (D.C. Cir. 1984) (holding that a probationary employee was not similarly situated to a permanent employee and noting that agency regulations "mandated that probationary employees with serious performance problems were to be terminated, even if those problems would not have been good cause for terminated [sic] a permanent employee")).

Where the Plaintiff's alleged comparators are not similarly situated, an inference of discrimination is not reasonable based on any actual or perceived differential treatment. *Abbott*, 2025 U.S. Dist. LEXIS 138892, at *22. Thus, Plaintiff's claim must be dismissed.

### D. The Age Difference Between Plaintiff and her Comparators is Not Substantial.

Differences in treatment between people of different ages is probative of age discrimination only when the better-treated person is substantially younger than the complainant. The D.C. Circuit has found that an age difference of seven years or fewer is insignificant without further evidence showing age was a determining factor in the decision-making. *Aliotta v. Bair*, 576 F. Supp. 2d 113, 125 n.6 (D.D.C. 2008) (citing *Dunaway v. Int'l Bhd. of Teamsters,* 310 F.3d 758, 767 (D.C. Cir. 2002) (holding an age difference of seven years insignificant without further evidence showing age was a determining factor); *Townsend v. United States*, 236 F. Supp. 3d 280, 307 (D.D.C. 2017); *Jones v. Dist. of Columbia Off. of Unified Commc'ns*, Civ. A. No. 25-1129 (RC), 2025 U.S. Dist. LEXIS 208169, at *12 (D.D.C. Oct. 22, 2025) (claim dismissed where plaintiff alleged that comparators were "younger" but did not state specific ages).

Here, Plaintiff was born in 1974; one comparator was born in 1977; and the other comparator was born in 1978. Compl. ¶¶ 22, 24. A three or four year difference in age is barely noticeable in the workplace. Thus, the comparators are not substantially younger than Plaintiff.

- 11 -

The slight difference in age between Plaintiff and her comparators simply does not raise a reasonable inference of discrimination sufficient to plead a discrimination claim, where Plaintiff offers no further allegations showing age was a determining factor in her supervisor's actions.

## II.    **Plaintiff Fails to Allege Facts Sufficient to State a Claim for Retaliation.**

Anti-retaliation provisions under the ADEA make it unlawful for an employer to discriminate against an employee "because that individual 'opposed any practice' made unlawful by . . . [the ADEA] or 'made a charge, testified, assisted, or participated in' a . . . [ADEA] proceeding or investigation." *Wasserman v. Ahuja*, Civ. A. No. 21-0026 (ABJ), 2023 U.S. Dist. LEXIS 5158, at *15-16 (D.D.C. Jan. 11, 2023) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (Title VII), quoting 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d) (ADEA)).

### A.    **Many of the Facts Alleged as Retaliatory Do Not Qualify as Materially Adverse Employment Actions.**

In the retaliation context, a "materially adverse action" has a related, but slightly broader meaning than the "adverse employment action" required for discrimination claims. *Baird v. Gotbaum*, 662 F.3d 1246, 1249 (D.C. Cir. 2011). To show a materially adverse action, a plaintiff must demonstrate that the action taken would "dissuade[ ] a reasonable worker from making or supporting a charge of discrimination." *Burlington N.*, 548 U.S. at 68 (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). The Supreme Court has explained that it requires "***material*** adversity because . . . it is important to separate significant from trivial harms." *Burlington N.*, 548 U.S. at 67 (emphasis in original). Indeed, the antidiscrimination statutes do "not set forth 'a general civility code for the American workplace'" and "[a]n employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id.* (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)).  Thus, a materially adverse action in

the workplace in the retaliation context typically involves "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Taylor v. Small*, 350 F.3d 1286, 1293 (D.C. Cir. 2003) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). "Such actions demonstrate an objectively tangible harm." *Bridgeforth v. Jewell*, 721 F.3d 661, 663 (D.C. Cir. 2013) (internal quotations omitted).

Plaintiff's retaliation claim purports to incorporate by reference all facts set forth in the Complaint.[3] It is clear that any events before November 3, 2023 do not contribute to a retaliation claim, even under Plaintiff's version of events. Nor do the allegations regarding events taking place after November 3 state a claim. For example, on November 3, Ms. Bartels referred Ms. Beatty to be investigated as a "potential insider threat." Compl. ¶ 57. Plaintiff also alleges that Ms. Bartels "started a campaign to document Ms. Beatty's conduct." *Id.* ¶¶ 56, 59. She states that on November 3. 2023, Ms. Bartels actively solicited Ms. Beatty's co-workers to provide written statements attacking her and secured certain of these statements. *Id.* ¶ 60. Plaintiff also complains that her workload decreased significantly after the November 2 meeting, *id.* ¶ 61, and she was requested to relinquish a particular client project. *Id.*[4]

But incidents even more severe than those at issue here are not actionable in claims for retaliation. *See, e.g.*, *Baird*, 662 F.3d at 1250 (concluding that plaintiff failed to allege any materially adverse employment action based on allegations of "public humiliation," including being called "psychotic" in emails circulated by coworkers, because court did "not believe that the

---

[3]    Compl. ¶ 78.

[4]    To the extent the retaliation claim otherwise survives the motion to dismiss, Defendant does not challenge that initiating steps toward terminating Plaintiff (*id.* ¶ 62) could be an adverse employment action.

[employer]'s failure to remedy the various critiques and epithets to which [plaintiff]'s fellow employees subjected her would have persuaded a reasonable employee to refrain from making or supporting charges of discrimination"); *Baloch v. Kempthorne*, 550 F.3d 1191, 1199 (D.C. Cir. 2008) ("sporadic verbal altercations or disagreements do not qualify as adverse actions for purposes of retaliation claims"); *Howard v. Kerry*, 85 F. Supp. 3d 428, 435 (D.D.C. 2015) (dismissing Title VII retaliation claim in part because supervisor's yelling "in an intimidating fashion" did not rise to the level of adverse action); *Bonnette v. Shinseki*, 907 F. Supp. 2d 54, 70–71 (D.D.C. 2012) (finding that "oral reprimand," "public embarrassment," "micromanage[ment]," and other "purely subjective injuries or disagreements about management policies and decisions" did not constitute materially adverse actions); *Koch v. Schapiro*, 699 F. Supp. 2d 3, 14 (D.D.C. 2010) (dismissing Title VII retaliation claims premised on a supervisor's episode of yelling at the plaintiff). So, Plaintiff's allegations that Ms. Bartels documented alleged performance deficiencies, solicited co-workers to write negative statements, and changed work assignments cannot form the basis for any retaliation claims. Indeed, it strains credulity to suggest that a supervisor documenting conduct at the office, in and of itself, would dissuade a reasonable worker from pursuing a discrimination charge. The other allegations fare no better.

Plaintiff highlights Ms. Bartels's referral of certain of Plaintiff's actions to the unit that investigates potential insider threats as retaliatory. Compl. ¶ 57. However, generally, being subject to an investigation is not considered adverse unless it results in "materially adverse consequences affecting the terms, conditions, or privileges of: a plaintiff's employment or future employment opportunities." *Lilly*, 657 F. Supp. 3d at 94 (addressing adverse action for both discrimination and retaliation purposes). Here, no such adverse consequences emerged, as the referral did not even

turn into an investigation, and Plaintiff suffered no negative consequences. *See* Compl. ¶ 57. Therefore, the referral is not an adverse action in connection with Plaintiff's retaliation claim.

**B.      Plaintiff Has Not Adequately Alleged a Causal Connection Between Any Protected Activity and Any Materially Adverse Employment Action.**

Finally, a well-pleaded claim of retaliation is subject to "traditional principles of but-for causation." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 361 (2013). Here, Plaintiff has made no attempt to draw a line connecting her complaint of discrimination and her termination. Without that, Plaintiff's retaliation claim must fail. *See Fowler v. Dist. of Columbia*, Civ. A. No. 18-0634 (RDM), 2020 U.S. Dist. LEXIS 223113, at *21 (D.D.C. Nov. 27, 2020) (holding that "[m]ore is needed to plead a retaliation claim, and, in particular, to plead the necessary causal connection" where plaintiff simply alleged "that her employer proposed her removal for poor performance and ultimately removed her, after she had filed an EEOC complaint and the pending action"). None of Plaintiff's allegations suggest that Ms. Beatty's assessment of Plaintiff's work after the November 2 meeting—which is consistent with Ms. Beatty's assessment before the protected activity—was pretextual. Significantly, Plaintiff alleges that her supervisor had treated her differently "throughout her tenure," Compl. ¶ 26, and had expressed dissatisfaction with her performance well before the relevant meeting. For example, Plaintiff alleges that in October 2023, Ms. Bartels conveyed "crazy stories" about Ms. Beatty to another person. *Id.* ¶ 68. She alleges exclusion from certain meetings and assignments throughout her tenure. *Id.* ¶¶ 27-28. Thus, the Court should dismiss Plaintiff's retaliation claim.

**III.    Plaintiff Fails to Allege Facts Sufficient to State a Claim for a Hostile Work Environment.**

As a matter of law, Plaintiff cannot demonstrate a hostile work environment under the ADEA. A hostile work environment exists only "[w]hen the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the

conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (quotations and citations omitted); *see Brantley v. Kempthorne*, Civ. A. No. 06-1137 (ESH), 2008 U.S. Dist. LEXIS 38406 at *26 (D.D.C. May 13, 2008) ("[A] hostile work environment claim must be based on incidents comprising one unlawful employment practice of intimidation, insult and ridicule that pervades plaintiff's day-to-day working life." (cleaned up)).

In determining whether a hostile work environment exists, courts must "look at the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Smith v. Jackson*, 539 F. Supp. 2d 116, 137 (D.D.C. 2008). There is both an objective and subjective component to this analysis. *Harris*, 510 U.S. at 21-22. A plaintiff must have subjectively perceived the environment to be hostile, and the conduct must have been sufficiently severe or pervasive to alter the conditions of his employment and objectively create an abusive working environment. Under the objective prong, the court looks to the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, its offensiveness, and whether it interfered with a plaintiff's work performance, as simple teasing, offhand comments, and isolated incidents do not amount to actionable workplace harassment.

Courts consistently apply this demanding hostile work environment standard "to ensure that Title VII does not become a 'general civility' code," and to "filter out complaints attacking 'the ordinary tribulations of the workplace.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *see also Brooks v. Grundmann*, 748 F.3d 1273, 1277 (D.C. Cir. 2014) (plaintiff failed to establish a hostile work environment based on allegations showing that "her superiors and

colleague may have been tactless and ill-mannered"). A hostile work environment claim, moreover, cannot be based on an "array of unrelated [alleged] discriminatory or retaliatory acts" that are not sufficiently connected to each other." *Baird*, 662 F.3d at 1252; *see also Burkes v. Holder*, 953 F. Supp. 2d 167, 177-78 (D.D.C. 2013) (limiting race-based hostile work environment claim only to related conduct).

### A.    The Conduct Described in the Complaint is Not Severe or Pervasive.

Plaintiff's Complaint does not come anywhere close to meeting the high hurdle of alleging a discriminatory hostile work environment. Plaintiff does not describe a work environment "permeated with 'discriminatory intimidation, ridicule, and insult'" based on a protected characteristic of the kind that a hostile-work-environment claim is meant to remedy. *See Harris*, 510 U.S. at 21 (quoting *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 65 (1986)).

The conduct at issue here is not severe or pervasive. Plaintiff does not describe any "slurs, epithets, physical assaults or threats, or the like." *See Carter v. Carson*, 715 F. App'x 16, 17 (D.C. Cir. 2018) (internal citations omitted). Rather, she complains about disparaging remarks, minor slights, and her supervisor's critique of her work performance, *see* Compl. ¶¶ 30-34, which is precisely the kind of "work-related action[] by supervisors" that "courts typically do not find . . . to be sufficient for a hostile work environment claim." *Munro v. LaHood*, 839 F. Supp. 2d 354, 366 (D.D.C. 2012) (citation omitted); *see also Williams v. Spencer*, 883 F. Supp. 2d 165, 181 (D.D.C. 2012) (holding that, while "work environment was hardly ideal and her relationship with her supervisor was strained," complaints "based on a lack of communication with [] supervisor, the handling of [] sick leave, and an unsatisfactory performance evaluation" were "common workplace challenges do not show an environment so pervaded with discriminatory abuse as to alter the conditions of plaintiff's employment"). Thus, Plaintiff's claims merely reflect the "ordinary tribulations of the workplace" that courts routinely find "are not actionable." *Brooks v.*

*Grundmann*, 748 F.3d 1273, 1277–78 (D.C. Cir. 2014) (internal citations and quotations omitted); *see also Nurriddin v. Bolden*, 674 F. Supp. 2d 64, 94 (D.D.C. 2009) (dismissing hostile work environment claim based on "disparaging remarks, criticisms of his work, and other negative comments"' and "removal of important assignments, lowered performance evaluations, and close scrutiny of assignments").

Even if one perceived Ms. Bartel's actions to be rude, courts in this Circuit frequently conclude that far more egregious conduct is insufficient to constitute a hostile work environment. *See Baloch*, 550 F.3d at 1201 (affirming finding of no hostile work environment where the plaintiff's supervisor repeatedly criticized him and gave him a negative review, engaged in verbal altercations using profanity, and threatened to have the plaintiff arrested); *Williams v. Spencer*, 883 F. Supp. 2d 165, 180–81 (D.D.C. 2012) (finding no hostile work environment where a supervisor persistently ignored and humiliated the plaintiff during staff meetings, gave the employee an unwarranted negative performance review, did not give the employee an opportunity to improve her performance, and then, unfairly disciplined the employee). None of the workplace grievances described in the Complaint, such as being "told" to "do everything like them" (referring to colleagues three and four years younger than plaintiff) (Compl. at ¶ 33), rises to the level of severe harassment necessary to state a claim. And while Plaintiff describes a litany of grievances, they are not "pervasive" in their frequency during Plaintiff's tenure of less than a year at the agency.

**B.    Plaintiff Does Not Demonstrate that the Conduct Occurred Because of Her Age.**

Plaintiff's claim of a hostile work environment also fails for another reason. "[H]ostile behavior, no matter how unjustified or egregious, cannot support a claim of hostile work environment unless there exists some linkage between the hostile behavior and the plaintiff's membership in a protected class." *Na'im v. Clinton*, 626 F. Supp. 2d 63, 73 (D.D.C. 2009); *see*

*also Bryant v. Brownlee*, 265 F. Supp. 2d 52, 63 (D.D.C. 2003) ("Despite the sheer number of incidents of which plaintiff complains, her claim of a discriminatory hostile work environment contains at least one glaring defect: none of the allegations give rise to an inference of discrimination by defendant based on race, color, or age.").

Although Plaintiff recites complaint after complaint about her supervisor's conduct, none of the supervisor's actions is tinged with any ridicule or insult of plaintiff's age. Plaintiff's claims about Ms. Bartels's actions simply do not focus on her age, and she does not allege that Ms. Bartels made any comments specific to her age. Even the allegation that Ms. Bartels stated that Plaintiff should "do everything like them" (Compl. ¶ 33) does not use any language referring to Plaintiff's age, despite Plaintiff's assertion that the comment was made to compare her to younger colleagues. In sum, Plaintiff does not demonstrate that the problematic conduct occurred "because of" her age. Her claim therefore fails and should be dismissed. *See Wasserman,* 2023 U.S. Dist. LEXIS 5158, at *12 (claims about coworkers' tone and volume, as well as their non-verbal conduct, did not amount to plausible allegations of statements or actions "focused on" plaintiff's age).

### C.    The Acts Described in the Complaint Do Not Amount to a Pattern of Harassment.

Furthermore, Plaintiff's claim is based on numerous acts that are each separate from one another. The allegations are completely distinct in kind, ranging from criticizing Plaintiff to a third party (Compl. ¶ 30), to failing to offer certain professional opportunities (*id*. ¶ 27), to initiating a removal action (*id*. ¶ 62). For this reason as well, the conduct at issue here is not cognizable as a hostile work environment claim. *See Mason v. Geithner*, 811 F. Supp. 2d 128, 179 (D.D.C. 2011) ("the Court can only conclude that these acts are so different in kind and remote in time that they cannot possibly comprise part of the same hostile work environment"). Ultimately, Plaintiff's

series of complaints is merely a "history of events" that is not a "pervasive pattern of harassment." *Nurriddin*, 674 F. Supp. 2d at 93–94 (cleaned up).

    **D.**    **The Claim Improperly Attempts to Bootstrap All of Plaintiff's Allegations into a Hostile Work Environment Claim.**

Plaintiff's hostile work environment claim also appears to essentially be an amalgamation of the allegations supporting her discrimination and retaliation claims, which provides further grounds for dismissal. *See Massaquoi v. Dist. of Columbia*, 81 F. Supp. 3d 44, 53 (D.D.C. 2015); *Baloch v. Norton*, 517 F. Supp. 2d 345, 364 (D.D.C. 2007), aff'd sub nom. *Baloch v. Kempthorne*, 550 F.3d 1191 (D.C. Cir. 2008) ("[T]his jurisdiction frowns on plaintiffs who attempt to bootstrap their alleged discrete acts of retaliation into a broader hostile work environment claim."). "Where, as here, a plaintiff adopts a 'kitchen sink' approach to crafting a hostile work environment claim, the Court can only conclude that these acts are so different in kind and remote in time from one another that they cannot possibly comprise part of the same hostile work environment." *Faison v. Vance-Cooks*, 896 F. Supp. 2d 37, 65-66 (D.D.C. 2012). Count 3 alleges "hostile work environment" and incorporates by reference 60 paragraphs of narrative,[5] without distinguishing the specific facts on which she bases her hostile work environment claim. There is simply no question that this is the type of "kitchen sink" approach disfavored by the courts.

Accordingly, given that Plaintiff has failed to allege facts demonstrating a workplace that "is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment,'" *Harris*, 510 U.S. at 21, her hostile work environment claim should be dismissed.

*   *   *

---

[5] Compl. ¶ 80 incorporates ¶¶ 16-75.

## CONCLUSION

Plaintiff has not adequately plead discriminatory disparate treatment based on age under the ADEA, she has not pled facts sufficient to state a claim for retaliation, and she has not stated a claim for a hostile work environment. For the reasons discussed above, the Court should dismiss Plaintiff's complaint in full.

Dated: January 12, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:    _/s/ Allison I. Brown_____
ALLISON I. BROWN
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-7822
allison.brown2@usdoj.gov

_Attorneys for the United States of America_

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JENNIFER BEATTY,

             Plaintiff,

      v.

PAMELA BONDI, in her official capacity,

             Defendant.

Civil Action No. 25-2758 (MJS)

## **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss, and the entire record herein, it is hereby

ORDERED that Defendant's motion to dismiss is GRANTED, and it is further

ORDERED that this case is dismissed.


SO ORDERED:


_____

Date

_____

Matthew J. Sharbaugh
United States Magistrate Judge